**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>        vs.<br><br>DAVID P. ORTIZ, and DAVEGLO INVESTMENT GROUP, INC.,<br><br>                Defendant. | Case No. 2:25-cv-08610-DSF-MARx<br><br>**FINAL JUDGMENT AGAINST DEFENDANT DAVEGLO INVESTMENT GROUP, INC.** |

The Securities and Exchange Commission having filed a Complaint and Defendant DaveGlo Investment Group, Inc. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of partial judgment entered by the Court on December 19, 2025; and waived findings of fact and conclusions of law:

**I.**

**SECTION 5 OF THE SECURITIES ACT OF 1933**

IT IS HEREBY ORDERED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or

1

otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

### SECTION 15(a) OF THE EXCHANGE ACT OF 1934

IT IS HEREBY FURTHER ORDERED that Defendant is permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78o(a), by, while acting as a broker or dealer, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper,

bankers' acceptances, or commercial bills) unless registered as a broker dealer in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b), or associated with a broker or dealer that is registered with the Commission in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

## DISGORGEMENT AND PREJUDGMENT INTEREST

IT IS HEREBY FURTHER ORDERED that Defendant is liable for disgorgement of $816,934, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $170,194, jointly and severally with Defendant David P. Ortiz. Defendant shall satisfy this obligation by paying $987,128 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; DaveGlo Investment Group, Inc. as a Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

## IV.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this matter for the purposes of enforcing the terms of this Judgment.

Dated: April 27, 2026

_____

The Honorable Dale S. Fischer

UNITED STATES DISTRICT JUDGE

4