**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID P. ORTIZ, and DAVEGLO INVESTMENT GROUP, INC.,<br><br>Defendant. | Case No. 2:25-cv-08610-DSF-MARx<br><br>**FINAL JUDGMENT AGAINST DEFENDANT DAVID P. ORTIZ** |

The Securities and Exchange Commission having filed a Complaint and Defendant David P. Ortiz ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of the partial judgment entered by the Court on December 19, 2025; and waived findings of fact and conclusions of law:

**I.**

**SECTION 5 OF THE SECURITIES ACT OF 1933**

IT IS HEREBY ORDERED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or

1

otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

## <u>SECTION 15(a) OF THE EXCHANGE ACT OF 1934</u>

IT IS HEREBY FURTHER ORDERED that Defendant is permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78o(a), by, while acting as a broker or dealer, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper,

2

bankers' acceptances, or commercial bills) unless registered as a broker dealer in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b), or associated with a broker or dealer that is registered with the Commission in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

## SECTION 206(2) OF THE ADVISERS ACT

IT IS HEREBY FURTHER ORDERED that Defendant is permanently restrained and enjoined from violating, while acting as an investment adviser, Section 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. § 80b-6(2), by using the mails or any means or instrumentality of interstate commerce, directly or indirectly, to engage in any transaction, practice, or course of business that operates as a fraud or deceit upon any client or prospective client by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about the use of client funds or compensation to any person, including any associated conflicts of interest.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

## CONDUCT BASED INJUNCTION

IT IS FURTHER ORDERED that pursuant to Sections 21(d)(1) and (5) of the Exchange Act, 15 U.S.C. § 78u(d)(1) and (5), Section 20(b) of the Securities Act, 15 U.S.C. § 77t(b), and Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d), Defendant is permanently restrained and enjoined from, directly or indirectly, including but not limited to through any entity he owns or controls, participating in the issuance, purchase, offer, or sale of any security; provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities for his own personal account.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

IT IS HEREBY FURTHER ORDERED that Defendant is liable for disgorgement of $816,934, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $170,194, jointly and severally with Defendant DaveGlo Investment Group, Inc.; and a civil penalty in the amount of $50,000, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e). Defendant shall satisfy

this obligation by paying $1,037,128 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; David P. Ortiz as a Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay postjudgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant

to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund, and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

## **BANKRUPTCY EXCEPTION**

IT IS FURTHER ORDERED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the final judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VII.

## **RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this matter for the purposes of enforcing the terms of this Judgment.

Dated: April 27, 2026

_____

The Honorable Dale S. Fischer

UNITED STATES DISTRICT JUDGE